UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
          v.                    )    CR. NO. 96-10047-MLW
                                )
FRANCIS COLEMAN                 )
                                )

                      MEMORANDUM AND ORDER

WOLF, D.J.                                      December 31, 2009

    Defendant Francis Coleman is serving a 204 month sentence for one count of conspiracy to distribute cocaine base, two counts of possession of cocaine base with intent to distribute and distribution of cocaine base, and aiding and abetting. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which retroactively reduces by two levels the offense level for crimes involving crack cocaine in certain cases and became effective March 3, 2008, Coleman moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10.[1] As Coleman is indigent, counsel was appointed to represent him.

    Coleman was sentenced, in 1998, as a career offender by Judge Robert Keeton, who is now deceased. See May 21, 1998 Tr. of Sentencing ("Tr.") at 38. Coleman's career offender guideline range

---

[1] Coleman filed his Motion for Reduction of Sentence on March 12, 2008, and a Corrected Motion for Reduction of Sentence on March 25, 2008. The corrected motion corrects an error in reporting Coleman's time served that does not affect the merits of his motion.

was 292 to 365 months. Judgment at 6. Judge Keeton departed downward to 204 months in the exercise of his discretion under U.S.S.G. §5G1.3(c) (Policy Statement), which permitted a reduction of the sentence imposed in a case in which the defendant was serving an undischarged term of imprisonment.

The First Circuit has held that a defendant sentenced as a career offender is ineligible for sentence reduction under Amendment 706. See United States v. Caraballo, 552 F.3d 6, 7 (1st Circuit 2008). In Caraballo, the district court first computed the Guideline range based on drug quantity. Id. It then did the alternate calculation based on the defendant's status as a career offender, which resulted in an increased Guideline range of 151 to 188 months. The district court next granted Caraballo's motion for a downward variance and imposed a 108 month sentence. Id.

In affirming the district court's decision that Caraballo was not eligible for a sentence reduction as a result of Amendment 706, the First Circuit noted that 18 U.S.C. §3582(c)(2) states that:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issue by the Sentencing Commission.

The Court of Appeals then wrote that "in enacting this statute, Congress spoke with unmistakable clarity: before a district court can consider a sentence modification thereunder, it must satisfy

2

itself that the original sentence was 'based on a sentencing range that has subsequently been lowered.'" Caraballo, 552 F.3d at 9.

The First Circuit further explained:

> The term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus. Thus, if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.
>
> * * *
>
> Had the new guideline provision for crack cocaine offenses (Amendment 706) been in effect when this defendant was sentenced, that provision would not have had any effect on the sentencing range actually used. As we have said, the defendant's actual sentencing range was produced by reference to section 4A1.1 (the career offender guideline), not section 2D1.1 (the crack cocaine guideline). Thus, Amendment 706 did not lower the defendant's actual sentencing range. Consequently, the district court did not err in determining that it lacked the authority to modify the defendant's sentence under 18 U.S.C. § 3582(c)(2).

Id. at 10-11.

In reaching this conclusion, the First Circuit rejected Caraballo's contention that he was eligible for a sentence reduction because the district court granted his request for a downward variance. Although Caraballo argued that his sentence was driven by his underlying offense conduct rather than his career offender status, the First Circuit responded:

> This argument lacks force. For one thing, the defendant places more weight on the district court's remark [that the case involved a "routine . . . drug offense"] than that remark can bear. As we explained on direct review

3

> and today reaffirm, the court's "primary rationale for imposing a sentence below the guideline sentencing range was not the nature of the offense conduct but, rather, the defendant's "medical condition, which [the court] characterized as 'obviously a serious situation.'" Caraballo, 447 F.3d at 27.
>
> Perhaps more importantly, even though the defendant received a non-guideline sentence, that has no effect on the sentencing range applicable in his case (i.e., the sentencing range contemplated by section 3582(c)). Under an advisory guidelines system, a variance is granted in the sentencing court's discretion *after* the court has established an appropriately calculated guideline sentencing range. See United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008); United States v. Robinson, 433 F.3d 31, 35 (1st Cir. 2005). It is that sentencing range that must be lowered by an amendment in order to engage the gears of section 3582(c)(2).

Id. at 11 (emphasis and second brackets in the original).

Coleman contends that this court has the authority to reduce his sentence, and should do so, based upon the reasoning of the Second Circuit in United States v. McGee, 553 F.3d 225 (2d Cir. 2009). In McGee, "the district court, though designating him a career offender, see U.S.S.G. §4B1.1, ultimately based [the defendant's] sentence on the crack cocaine guidelines after downwardly departing based on a finding that the career offender classification overrepresented his criminal history." Id. at 226 (citing U.S.S.G. §4A1.3(b)). The court noted that "the district court explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in absent the career offender calculation and consideration.'" Id. at 227. The Second Circuit "acknowledge[d]

that [Amendment 706] can be read to permit a reduced sentence only where the defendant's pre-departure sentencing range is found within the crack cocaine guidelines." Id. at 229 (emphasis in the original). However, it concluded that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guideline range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. §3582(c)(2) and the crack amendments." Id. at 230. See also United States v. Poindexter, 500 F. Supp. 2d 578 (E.D. Penn. 2008) (same).

Coleman's reliance upon McGee is, however, misplaced for two reasons. First, First Circuit precedent governs this case. Second, the instant case is factually distinguishable from McGee.

As Judge Nancy Gertner has written, the First and Second Circuits have in Caraballo and McGee taken "distinctly different" approaches to the issue of eligibility for a reduction. United States v. Hargrove, 628 F. Supp. 2d 241, 243 (D. Mass. 2009). "The First Circuit believes that 'based on' refers to the pre-departure range, the career offender range, while the Second believes it refers to the post-departure range." Id. at 244. It is axiomatic that the First Circuit's interpretation of Amendment 706 must be applied in the District of Massachusetts, which is in the First Circuit.

In contrast to McGee, Caraballo did not involve a variance

5

expressly rooted in a determination that the career offender Guideline range was inappropriate and the crack cocaine sentencing range should be applied instead. The First Circuit's statement in Caraballo, that "if the amended guideline range does not have the effect of lowering the sentencing range <u>actually used</u> at sentencing, the defendant's sentence was not based on that range within the intendment of the statute" suggests that the First Circuit might possibly follow McGee if presented with a factually comparable case. 552 F.3d at 10 (emphasis added); see also Hargrove, 628 F. Supp. 2d at 244.

The instant case is not, however, factually comparable to McGee. At the sentencing hearing, Judge Keeton denied Coleman's objection to his status as a career offender and rejected Coleman's argument that his criminal history overstated the significance of his criminal conduct. See May 21, 1998 Tr. at 37. After reviewing Coleman's criminal history, Judge Keeton concluded that "the career offender classification is entirely appropriate in this case." Id. at 38. This case is, therefore, analogous to Hargrove, in which Judge Gertner wrote that the defendant would not "fare any better under the Second Circuit's approach" because at the original sentencing she did not depart from the career offender guidelines because she had "concluded that the range was appropriate." 628 F. Supp. 2d at 245.

The court recognizes that, as Coleman notes, Judge Keeton said

in deciding to depart downward to 204 months pursuant to §5G1.3(c) that:

> some of the circumstances brought to my attention there as part of the reason for my exercise of discretion with respect to allowing the 88 months downward counting for the mandatory minimum that would otherwise apply, but in other respects overrule that objection and request to overrule that objection and deny the request for a determination that the criminal history category overstates the severity of the offense.

Id. at 39.  Thus, Coleman argues that the sentencing judge viewed the career offender Guideline range as excessive.  In addition, he notes that 204 months was within the range that would have been generated by the crack cocaine Guideline, §2D1.1, if it had been applicable.

However, it is undisputed that the departure was based on §5G1.3(c), which relates to sentences imposed on defendants while they are imprisoned for other offenses in order "to achieve a reasonable punishment for the instant offense."  As explained earlier, Judge Keeton expressly found Coleman's status as a career offender fairly reflected the significance of his criminal history.  In addition, Judge Keeton made no reference to the crack cocaine Guideline range in fashioning his 204-month sentence.  As in Caraballo, there is no manifest indication that "the court was relying on the severity of the underling crack cocaine crime to fix [the] sentence."  552 F.3d at 11.  Rather, the "primary rationale for imposing a sentence below the guideline sentencing range was not the nature of the offense conduct," but the fact that Coleman

7

was already serving time in prison. Id. (internal quotation marks and citation omitted). Therefore, the First Circuit's holding in Caraballo causes this court to conclude that Coleman's request for a reduction of sentence must be denied.

Accordingly, Coleman's Corrected Motion for Reduction of Sentence (Docket No. 893) is hereby DENIED.

                                                /s/ MARK L. WOLF
                                          UNITED STATES DISTRICT JUDGE